REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

John L. Cooper (State Bar No. 050324)
jcooper@fbm.com
Jim Day (State Bar No. 197158)
jday@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff Finjan, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| Finjan, Inc, <br><br> Plaintiff, <br><br> vs. <br><br> AVG Technologies CZ, s.r.o., AVG Technologies USA, Inc., AVAST Software, Inc., and AVAST Software, s.r.o., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT** <br><br> JURY TRIAL DEMANDED |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

Plaintiff Finjan, Inc. ("Finjan") alleges as follows:

## NATURE OF THE ACTION

1. This is a complaint for breach of contract and patent infringement.

## PARTIES

2. Finjan is a Delaware corporation with a principal place of business at 2000 University Avenue, Suite 600, Palo Alto, California, 94303. Finjan is a globally recognized cybersecurity company that has invested millions of dollars in research and development creating proactive behavior-based malware protection technology. Finjan's patented technologies enable behavior-based approaches to modern and next-generation malware and zero-day protection for unknown attacks through techniques such as, for example, hashing, caching, sandboxing, and transmitting mobile protection code through customized profiles. Finjan's patented technologies have been widely adopted, lauded in the industry, and assigned significant value by many of Defendants' peers and competitors who have entered into licensing agreements with Finjan for those patented technologies.

3. On information and belief, Defendant AVG Technologies CZ, s.r.o. is a company organized and existing under the laws of the Czech Republic. On information and belief, AVG Technologies CZ, s.r.o. has a regular and established place of business at 149 Bluxome Street, San Francisco, California, 94107. On information and belief, AVG Technologies CZ, s.r.o. makes, uses, sells, and/or offers to sell in the United States, or imports into the United States, including in this judicial district, cybersecurity products or processes that practice the inventions claimed in the Finjan patents asserted in this complaint.

4. On information and belief, Defendant AVG Technologies USA, Inc. is a Delaware corporation with a regular and established place of business at 149 Bluxome Street, San Francisco, California, 94107. On information and belief, AVG Technologies USA, Inc. makes, uses, sells, and/or offers to sell in the United States, or imports into the United States, including in this judicial district, cybersecurity products or processes that practice the inventions claimed in the Finjan patents asserted in this complaint. AVG Technologies CZ, s.r.o. and AVG Technologies USA, Inc. are referred to collectively herein as "AVG."

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

2

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

5. On information and belief, Defendant AVAST Software, s.r.o., is a company organized and existing under the laws of the Czech Republic. On information and belief, AVAST Software, s.r.o. has a regular and established place of business at 2625 Broadway, Redwood City, California, 94063. On information and belief, AVAST Software, s.r.o. makes, uses, sells, and/or offers to sell in the United States, or imports into the United States, including in this judicial district, cybersecurity products or processes that practice the inventions claimed in the Finjan patents asserted in this complaint.

6. On information and belief, Defendant AVAST Software, Inc. is a Delaware corporation with a regular and established place of business at 255 Shoreline Drive, Suite 515, Redwood City, California 94065. On information and belief, AVAST Software, Inc. makes, uses, sells, and/or offers to sell in the United States, or imports into the United States, including in this judicial district, cybersecurity products or processes that practice the inventions claimed in the Finjan patents asserted in this complaint. AVAST Software, s.r.o. and AVAST Software, Inc. are referred to collectively herein as "AVAST."

7. On information and belief, AVAST publicly announced its offer to acquire AVG no later than July 7, 2016. On information and belief, AVAST completed its acquisition of AVG for $1.3 billion no later than September 30, 2016, including the AVG products and services that are accused of patent infringement in this complaint. On information and belief, AVAST and AVG have been operating as a single company since no later than October 3, 2016.

8. Prior to AVAST'S acquisition of AVG, Finjan was in active license negotiations with AVG for the Finjan patents asserted in this complaint. Those negotiations commenced in January 2016 and were suspended around the time AVAST announced its intent to acquire AVG in July 2016. The Finjan-AVG negotiations spanned over a five month period.

9. No later than October 2016, AVAST took over the licensing negotiations relating to AVG's products that infringe the Finjan patents asserted in this complaint. Finjan and AVAST have been negotiating without success for over 100 days.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

3

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

and 1338(a) because this is a complaint for infringement of United States patents. Additionally, the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is a complete diversity of citizenship between Finjan and Defendants and the amount in controversy exceeds $75,000. The Court also has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367 because Finjan alleges a federal law claim over which this Court has original jurisdiction, and all other claims are so related to the claim within such original jurisdiction that they form part of the same case or controversy within Article III of the United States Constitution.

11. This Court also has personal jurisdiction over each Defendant because Plaintiff's claims against each of them arises out of or relate to each of their purposeful contacts with California, and the exercise of personal jurisdiction over each Defendant in this particular case would comport with principles of fair play and substantial justice.

12. This Court also has personal jurisdiction over each Defendant because it has engaged in systematic and continuous contacts with this State and this district by, *inter alia*, regularly conducting and soliciting business in this State and this district, and deriving substantial revenue from products and/or services provided to persons in this State and this district. For example and without limitation, as noted above, each Defendant maintains a regular and established place of business in this district.

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because, on information and belief, Defendants have committed acts of patent infringement complained of herein in this district, and thus a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district, and because Defendants are each subject to this Court's personal jurisdiction with respect to the claims alleged herein.

**INTRADISTRICT ASSIGNMENT**

14. This action is an Intellectual Property Action subject to district-wide assignment under Civil Local Rules 3-2(c) and 3-5(b).

**FIRST CAUSE OF ACTION**

**(Breach of Contract – Sham Transaction)**

**(Against AVAST)**

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

4

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

15. [REDACTED]

16. [REDACTED]

17. [REDACTED]

18. [REDACTED]

19. [REDACTED]

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

5

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

20. 

21.

22.

23. Finjan has fully performed its obligations under the Agreement to the extent those obligations were not excused by AVAST's breaches thereof.

24.

25.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

6

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

1 ██████████████████████████████████
2 ██████████████████████████████████
3 ██████████████████████████████████
4 ██████████████████████████████████
5 ██████████████████████████████████
6 ████████████████████

7     26. As a direct and proximate result of AVAST's breach of the Agreement, Finjan has
8 suffered damages, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Breach of the Covenant of Good Faith and Fair Dealing)**

**(Against AVAST)**

12     27. ████████████████████████████
13 ██████████████████████████████████
14 ██████████████████████████████████
15 ██████████████████████████████████
16 ██████████████████████████████████
17 ██████████████████████████████████
18 ██████████████████████████████████
19 ██████████████████████████████████
20 ██████████████████████████████████

21     28. ████████████████████████████
22 █████████████████████████████
23 ██████████████████████████████
24 ██████████████████████████████████
25 ██████████████████████████

26     29. As a direct and proximate result of AVAST's breach of the covenant of good faith
27 and fair dealing, Finjan has suffered damages, in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

7

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

**(Infringement of U.S. Patent No. 6,154,844)**

**(Against AVG and AVAST)**

30. Finjan is the owner of all rights, title, and interest in United States Patent No. 6,154,844, entitled "System and Method for Attaching a Downloadable Security Profile to a Downloadable," which was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on November 28, 2000 ("'844 patent"). A copy of the '844 patent is attached as Exhibit 2.

31. In violation of 35 U.S.C. § 271, AVG and AVAST have been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '844 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, including in this judicial district, products or processes that practice the inventions claimed in the '844 patent, including without limitation, claim 1 of the '844 patent by the AVG Antivirus, AVG CloudCare, AVG Internet Security, and AVG Ultimate products. Each of these software products performs the functions of (a) receiving by an inspector a Downloadable; (b) generating by the inspector a first Downloadable security profile that identifies suspicious code in the received Downloadable; and (c) linking by the inspector the first Downloadable security profile to the Downloadable before a web server makes the Downloadable available to web clients. Defendants' advertising, including through the AVG website, instructs users and customers how to operate these products in a manner that infringes claim 1 of the '844 patent. Finjan provided Defendants with claim charts detailing how Defendants infringe claim 1 of the '844 patent months before filing this complaint.

32. AVG has known of its infringement of the '844 patent since no later than its receipt of a letter from Finjan dated January 26, 2016, providing AVG with notice of AVG's infringement of the '844 patent. On information and belief, AVAST has also known of its infringement of the '844 patent since no later than October 2016. Yet AVG and AVAST have continued to infringe the '844 patent through the conduct described above. Accordingly, Defendants' infringement of the '844 patent has been willful.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

8

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

33. As a result of AVG and AVAST's unlawful infringement of the '844 patent, Finjan has suffered and will continue to suffer damage. Finjan is entitled to recover from AVG and AVAST the damages suffered by Finjan as a result of their unlawful acts.

34. On information and belief, AVG and AVAST intend to continue their unlawful infringing activity, and Finjan continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins AVG and AVAST from further infringing activities.

## FOURTH CAUSE OF ACTION

**(Infringement of U.S. Patent No. 7,930,299)**

**(Against AVG and AVAST)**

35. Finjan is the owner of all rights, title, and interest in United States Patent No. 7,930,299, entitled "System and Method for Appending Security Information to Search Engine Results," which was duly and properly issued by the USPTO on April 19, 2011 ("'299 patent"). A copy of the '299 patent is attached as Exhibit 3.

36. In violation of 35 U.S.C. § 271, AVG and AVAST have been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '299 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, including in this judicial district, products or processes that practice the inventions claimed in the '299 patent, including without limitation, claim 1 of the '299 patent by AVG Secure Search. This software product performs the functions of (a) issuing to a search engine a search request for web content, the search request having at least one designated search term; (b) receiving from the search engine search results identifying web content that includes the at least one designated search term; (c) generating a search results summary that presents the identified web content; (d) issuing to a content scanner a request for assessment of at least a portion of the identified web content, for potential security risks; (e) receiving from the content scanner assessments of potential security risks of the at least a portion of the identified web content; and (f) dynamically generating a combined search and security results summary comprising: (i) presenting the at least a portion of the identified web content, subsequent to said generating a search results summary and prior to

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

9

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

completion of said receiving from the content scanner; (ii) dynamically updating the combined search and security results summary, comprising presenting potential security risks of the presented web content, after the assessments of potential security risks are received from the content scanner; and (iii) displaying a warning of potential risk, subsequent to said presenting and prior to said dynamically updating. Defendants' advertising, including through the AVG website, instructs users and customers how to operate this products in a manner that infringes claim 1 of the '299 patent. Finjan provided Defendants with claim charts detailing how Defendants infringe claim 1 of the '299 patent months before filing this complaint.

37. AVG has known of its infringement of the '299 patent since no later than its receipt of a letter from Finjan dated January 26, 2016, providing AVG with notice of AVG's infringement of the '299 patent. On information and belief, AVAST has also known of its infringement of the '299 patent since no later than October 2016. Yet AVG and AVAST have continued to infringe the '299 patent through the conduct described above. Accordingly, Defendants' infringement of the '299 patent has been willful.

38. As a result of AVG and AVAST's unlawful infringement of the '299 patent, Finjan has suffered and will continue to suffer damage. Finjan is entitled to recover from AVG and AVAST the damages suffered by Finjan as a result of their unlawful acts.

39. On information and belief, AVG and AVAST intend to continue their unlawful infringing activity, and Finjan continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins AVG and AVAST from further infringing activities.

## FIFTH CAUSE OF ACTION

**(Infringement of U.S. Patent No. 7,975,305)**

**(Against AVG and AVAST)**

40. Finjan is the owner of all rights, title, and interest in United States Patent No. 7,975,305, entitled "Method and System for Adaptive Rule-Based Content Scanners for Desktop Computers," which was duly and properly issued by the USPTO on July 5, 2011 ("'305 patent"). A copy of the '305 patent is attached as Exhibit 4.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

10

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

41. In violation of 35 U.S.C. § 271, AVG and AVAST have been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '305 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, including in this judicial district, products or processes that practice the inventions claimed in the '305 patent, including without limitation, claim 13 of the '305 patent by the AVG Ultimate, AVG Antivirus, AVG CloudCare, and AVG Internet Security products. These software products perform the functions of (a) receiving, at a computer, incoming content from the Internet on its destination to an Internet application; (b) selectively diverting, by the computer, the received incoming content from its intended destination; (c) scanning, by the computer, the selectively diverted incoming content to recognize potential computer exploits therewithin, based on a database of parser and analyzer rules corresponding to computer exploits, computer exploits being portions of program code that are malicious, wherein the parser and analyzer rules describe computer exploits as patterns of types of tokens, tokens being program code constructs, and types of tokens comprising a punctuation type, an identifier type and a function type; and (d) updating the database of parser and analyzer rules periodically to incorporate new behavioral rules that are made available. Defendants' advertising, including through the AVG website, instructs users and customers how to operate these products in a manner that infringe claim 1 of the '305 patent. Finjan provided Defendants with claim charts detailing how Defendants infringe claim 1 of the '305 patent months before filing this complaint.

42. AVG has known of its infringement of the '305 patent since no later than its receipt of a letter from Finjan dated January 26, 2016, providing AVG with notice of AVG's infringement of the '305 patent. On information and belief, AVAST has also known of its infringement of the '305 patent since no later than October 2016. Yet AVG and AVAST have continued to infringe the '305 patent through the conduct described above. Accordingly, Defendants' infringement of the '305 patent has been willful.

43. As a result of AVG and AVAST's unlawful infringement of the '305 patent, Finjan has suffered and will continue to suffer damage. Finjan is entitled to recover from AVG and AVAST the damages suffered by Finjan as a result of their unlawful acts.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

11

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

44. On information and belief, AVG and AVAST intend to continue their unlawful infringing activity, and Finjan continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins AVG and AVAST from further infringing activities.

## SIXTH CAUSE OF ACTION

**(Infringement of U.S. Patent No. 8,079,086)**

**(Against AVG and AVAST)**

45. Finjan is the owner of all rights, title, and interest in United States Patent No. 8,079,086 entitled "Malicious Mobile Code Runtime Monitoring System and Methods," which was duly and properly issued by the USPTO on December 13, 2011 ("'086 patent"). A copy of the '086 patent is attached as Exhibit 5.

46. In violation of 35 U.S.C. § 271, AVG and AVAST have been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '086 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, including in this judicial district, products or processes that practice the inventions claimed in the '086 patent, including without limitation, claim 24 of the '086 patent by the AVG Ultimate, AVG Antivirus, AVG CloudCare, and AVG Internet Security products. These software products complete a system that comprises (a) a receiver for receiving an incoming Downloadable; (b) a Downloadable scanner coupled with said receiver, for deriving security profile data for the Downloadable, including a list of suspicious computer operations that may be attempted by the Downloadable; and (c) a transmitter coupled with said receiver and with said Downloadable scanner, for transmitting the Downloadable and a representation of the Downloadable security profile data to a destination computer, via a transport protocol transmission. Defendants' advertising, including through the AVG website, instructs users and customers how to operate these products in a manner that infringe claim 24 of the '086 patent. Finjan provided Defendants with claim charts detailing how Defendants infringe claim 24 of the '086 patent months before filing this complaint.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

12

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

47. AVG has known of its infringement of the '086 patent since no later than its receipt of a letter from Finjan dated January 26, 2016, providing AVG with notice of AVG's infringement of the '086 patent. On information and belief, AVAST has also known of its infringement of the '086 patent since no later than October 2016. Yet AVG and AVAST have continued to infringe the '086 patent through the conduct described above. Accordingly, Defendants' infringement of the '086 patent has been willful.

48. As a result of AVG and AVAST's unlawful infringement of the '086 patent, Finjan has suffered and will continue to suffer damage. Finjan is entitled to recover from AVG and AVAST the damages suffered by Finjan as a result of their unlawful acts.

49. On information and belief, AVG and AVAST intend to continue their unlawful infringing activity, and Finjan continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins AVG and AVAST from further infringing activities.

## SEVENTH CAUSE OF ACTION

### (Infringement of U.S. Patent No. 8,141,154)

### (Against AVG and AVAST)

50. Finjan is the owner of all rights, title, and interest in United States Patent No. 8,141,154 entitled "System and Method for Inspecting Dynamically Generated Executable Code," which was duly and properly issued by the USPTO on March 20, 2012 ("'154 patent"). A copy of the '154 patent is attached as Exhibit 6.

51. In violation of 35 U.S.C. § 271, AVG and AVAST have been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '154 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, including in this judicial district, products or processes that practice the inventions claimed in the '154 patent, including without limitation, claim 1 of the '154 patent by the AVG Antivirus, AVG CloudCare, AVG Internet Security, and AVG Ultimate products. These software products complete a system that comprises (a) a content processor (i) for processing content received over a network, the content including a call to a first function, and the call including an input, and (ii) for

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

13

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

invoking a second function with the input, only if a security computer indicates that such invocation is safe; (b) a transmitter for transmitting the input to the security computer for inspection, when the first function is invoked; and (c) a receiver for receiving an indicator from the security computer whether it is safe to invoke the second function with the input. Defendants' advertising, including through the AVG website, instructs users and customers how to operate these products in a manner that infringe claim 1 of the '154 patent. Finjan provided Defendants with claim charts detailing how Defendants infringe claim 1 of the '154 patent months before filing this complaint.

52. AVG has known of its infringement of the '154 patent since no later than its receipt of a letter from Finjan dated January 26, 2016, providing AVG with notice of AVG's infringement of the '154 patent. On information and belief, AVAST has also known of its infringement of the '154 patent since no later than October 2016. Yet AVG and AVAST have continued to infringe the '154 patent through the conduct described above. Accordingly, Defendants' infringement of the '154 patent has been willful.

53. As a result of AVG and AVAST's unlawful infringement of the '154 patent, Finjan has suffered and will continue to suffer damage. Finjan is entitled to recover from AVG and AVAST the damages suffered by Finjan as a result of their unlawful acts.

54. On information and belief, AVG and AVAST intend to continue their unlawful infringing activity, and Finjan continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins AVG and AVAST from further infringing activities.

## EIGHTH CAUSE OF ACTION

### (Infringement of U.S. Patent No. 8,677,494)

### (Against AVG and AVAST)

55. Finjan is the owner of all rights, title, and interest in United States Patent No. 8,677,494 entitled "Malicious Mobile Code Runtime Monitoring System and Methods," which was duly and properly issued by the USPTO on March 18, 2014 ("'494 patent"). A copy of the '494 patent is attached as Exhibit 7.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

14

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

56.     In violation of 35 U.S.C. § 271, AVG and AVAST have been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '494 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, including in this judicial district, products or processes that practice the inventions claimed in the '494 patent, including without limitation, claim 1 of the '494 patent by the AVG Antivirus, AVG CloudCare, AVG Internet Security, and AVG Ultimate products.  These software products perform the functions of (a) receiving an incoming Downloadable; (b) deriving security profile data for the Downloadable, including a list of suspicious computer operations that may be attempted by the Downloadable; and (c) storing the Downloadable security profile data in a database.  Defendants' advertising, including through the AVG website, instructs users and customers how to operate these products in a manner that infringe claim 1 of the '494patent.  Finjan provided Defendants with claim charts detailing how Defendants infringe claim 1 of the '494 patent months before filing this complaint.

57.     AVG has known of its infringement of the '494 patent since no later than its receipt of a letter from Finjan dated January 26, 2015, providing AVG with notice of AVG's infringement of the '494 patent.  On information and belief, AVAST has also known of its infringement of the '494 patent since no later than October 2016.  Yet AVG and AVAST have continued to infringe the '494 patent through the conduct described above.  Accordingly, Defendants' infringement of the '494 patent has been willful.

58.     As a result of AVG and AVAST's unlawful infringement of the '494 patent, Finjan has suffered and will continue to suffer damage.  Finjan is entitled to recover from AVG and AVAST the damages suffered by Finjan as a result of their unlawful acts.

59.     On information and belief, AVG and AVAST intend to continue their unlawful infringing activity, and Finjan continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins AVG and AVAST from further infringing activities.

**PRAYER FOR RELIEF**

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

15

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

WHEREFORE, Finjan respectfully requests entry of judgment as follows:

A. That AVAST be ordered to pay to Finjan damages for its breach of the Agreement according to proof;

B. That Finjan be granted pre-judgment and post-judgment interest on the damages caused to it by reason of AVAST's breach of the Agreement;

C. That AVAST be ordered to pay to Finjan damages for its breach of the covenant of good faith and fair dealing according to proof;

D. That Finjan be granted pre-judgment and post-judgment interest on the damages caused to it by reason of AVAST's breach on the covenant of good faith and fair dealing;

E. ██████████████████████████████████████████████;

F. That AVG and AVAST be declared to have infringed, induced others to infringe and/or committed acts of contributory infringement with respect to the claims of the '844, '299, '305, '086, '154, and '494 patents as alleged above;

G. That AVG, AVAST and their officers, agents, servants, employees, and all those persons acting or attempting to act in active concert or in participation with them or acting on their behalf be immediately, preliminarily and permanently enjoined from further infringement of the '844, '299, '305, '086, '154, and '494 patents;

H. That AVG and AVAST be ordered to account for and pay to Finjan all damages caused to it by reason of their infringement of the '844, '299, '305, '086, '154, and '494 patents pursuant to 35 U.S.C. § 284, in an amount no less than $15,460,000;

I. That AVG and AVAST be ordered to pay treble damages for willful infringement of each of the '844, '299, '305, '086, '154, and '494 patents pursuant to 35 U.S.C. § 284;

J. That this case be declared "exceptional" under 35 U.S.C. § 285 and that Finjan be awarded its attorneys' fees, expenses, and costs incurred in this action; and

K. That Finjan be granted pre-judgment and post-judgment interest on the damages caused to them by reason of AVG and AVAST's infringement of the '844, '299, '305, '086, '154, and '494 patents.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

16

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT

**DEMAND FOR JURY TRIAL**

Finjan hereby demands a jury trial on all issues so triable.

Dated: January 19, 2017                FARELLA BRAUN + MARTEL LLP

By:   */s/ John L. Cooper*
     John L. Cooper

Attorneys for Finjan

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

17

31470\5803222.1

COMPLAINT FOR BREACH OF CONTRACT AND PATENT INFRINGEMENT